GEORGE S. BUTTERWORTH *vs.* JOSEPH D. CONROW.

New Castle County, February Term, 1895.

**Libel.**—A libel is a publication of a matter in writing which tends to disgrace a person or to bring him into ridicule.

**Same.**—To constitute a libel such matter must be written with a malicious intent, wilfully and wrongly to injure a person.

**Same. Privileges. Pleading.**—Privilege need not be specially pleaded, but is embraced in the plea of not guilty.

**Measure of Damages.**—The plaintiff is entitled to recover such a sum as he proves he has been deprived of by reason of the publication of the libelous matter.

Charge.

The facts are sufficiently stated in the charge of the Court.

CULLEN, J., (charging the jury.)

The case which you are empanelled to try is one commonly called an action on the case, which is brought for what is termed in law a libel. The suit involved originally not only a libel, but also a count for slander, which has been abandoned. Therefore it is not necessary for us to say anything to you in relation the law of slander. This action is brought for the purpose of recovering damages by reason of what is claimed on the part of the plaintiff a libelous publication.

In this case, very much is admitted, which relieves you of a great deal, and the case, therefore, comes down to a very narrow limit. It appears from what is agreed upon and what is admitted on both sides, that the defendant was the owner of a tract of land and premises near this city, called Woolton Hall, that some time in the month of March, 1891, under and by virtue of an agreement relative to which there has been no dispute at all, the plaintiff went into the occupancy of it, and was to till the land and attend to it, and perform various other duties; that he occupied those premises up to sometime in February, 1893. That sometime during that month the bills were brought in as usual and there was no dispute, no misunderstanding whatever as between the parties during that time. In 1893, sometime in the month of February, the defendant concluded to rent the place no longer, and notified the plaintiff that he would not need his services after a certain time, and that he was to move, which he did at a certain time in the month of February, 1893, which was prior to the regular moving time. That is a matter, however, which does not come into this case.

It appears that there was no misunderstanding and no disagreement at all before the moving of the plaintiff off the property of which he had been in possession. Before the plaintiff left the place he had made an arrangement under and by virtue of which he had agreed to enter the employ of a gentleman by the name of

.Whithridge, near Baltimore. When he went to see Mr. Whithridge about the position, the latter required a reference as to his character, and it appears that the defendant gave him a letter of recommendation, which is not disputed, but is admitted in this case. Under and by virtue of that letter he went into the employ of Mr. Whithridge. Shortly after so going into his employ there was a settlement as between the defendant and the plaintiff, and it is contended that the defendant became satisfied that matters were not right and that there was a misunderstanding as to the recommendation he had given, and thereupon having given a strong recommendation, and this gentleman being accepted under those terms, the defendant wrote to Mr. Whithridge to know whether or not he was the gentleman to whom he had recommended the plaintiff. All the letters are here in evidence before you and speak for themselves. He wrote back that he was the gentleman, and that the plaintiff was in his employ and that he had taken him under and by virtue of his letter of recommendation. The defendant there-.upon wrote the following letter, which is the foundation of this action:

" PHILADELPHIA, March 16, 1893.

" W. H. WHITHRIDGE, Esq., Baltimore, Md.

" *Dear Sir :* Yours of the 15th of March at hand. I do wish to recall the recommendation given to George S. Butterworth, and while very unpleasant I feel it my duty to put you on your guard. I am in a similar position, having to trust my place entirely to the care of persons in charge, not seeing it for months sometimes. At the time the letter was written I had never had any cause to suspicion Butterworth and consequently gave it, but since February 19th, the last time I have seen him, many things have occurred to cause me to regret having done so. I must now say he is not only untruthful, but dishonest, having sold articles belonging to me and appropriating the money to his own use, and taken money given him to purchase supplies with and had them charged, reporting to me they were paid for. These are serious

charges, consequently my desire to communicate only to the proper person.   Yours truly,

"JOS. D. CONROW."

That letter having been received, by reason thereof Mr. Whithridge discharged the plaintiff, whom he had taken on the recommendation of the defendant.

Now we would say to you that if that letter stood alone there is sufficient to constitute a libel, because a libel is a publication of a matter in writing which tends to disgrace a person or bring him into ridicule.   In other words, it is not a question as to the purport or meaning, because the terms of it themselves standing alone constitute a libel in itself.   To constitute a libel it must be written with a malicious intent wilfully and wrongfully to injure.

In this case there are the pleas of not guilty and of privilege, which may be well brought in under the head of not guilty and is virtually embraced under that, although counsel out of abundance of caution have been seen fit to plead it specially; there is also the plea of justification.

We say to you, that this paper standing alone, if the party had pleaded not guilty, would of itself *per se* have been sufficient to render the defendant in this case liable to any damages which he had sustained by reason of being discharged from that position. For you will observe that it is admitted that under and by virtue of this recommendation from the defendant, the plaintiff obtained this place from Mr. Whithridge and then after having obtained the place a letter was received from the defendant on the strength of which, the plaintiff was discharged. Therefore there was an injury.

The matter then for you to consider is—and that is a matter of evidence altogether, and we only speak to you as to what the law is—Was he justified in writing this letter?

You have heard the testimony, and you of course know about that.   We only state to you what the law is, and so far as the testimony is concerned, you must apply it.   Has the evidence produced here shown that the defendant had sufficient grounds for recalling the recommendation?   A man may frequently recommend another

person and think it is all right and proper. Matters and facts afterwards come to his consideration by some means or other, and he recalls that recommendation. Now under those circumstances, we must say to you that there must be an intent to do a wrong; in other words, there must be malice—for malice is the ingredient that constitutes a libel.

Was there an intent on the part of the defendant in writing that letter wrongfully to injure the plaintiff?

That is the entire question here that you have to decide. In other words does the testimony here offered, of which you are the judges, show to you that there was a bad heart and a malicious intent, wrongfully and unjustly to injure the plaintiff? Or does the evidence show that you on the other hand that here is a man who truthfully had given a recommendation, believing that it was all right and was all proper, and matters having afterwards come to his knowledge, which led him to suspect the honesty of this man, he then recalled the letter? If that was his intent, merely having inflicted a wrong and desiring to rectify it, he had a perfect right to do it. That is a matter you are to determine from the testimony. That is under the plea I say of not guilty, and that is connected with the fact that he had a perfect right to do this matter, and that it was justifiable.

But the counsel for the defendant in this case have gone further, they have not only said that, but they have justified it. What we mean by justification is this, as if he had said: "I wrote this letter, I admit it, and I did it because it was true."

They set up here in addition to the testimony already offered, facts and circumstances which they contend show and prove before you (you are to be the judges of that) that the defendant had a perfect right to write this letter, because the facts were true, and they contend that they have proved those facts to your satisfaction.

Is the testimony offered sufficient to satisfy you—taking all the facts into consideration—that it was the intention of this man, merely to rectify a wrong, or was it his intention to maliciously injure the plaintiff? Was it his intention to do him a wrong

Charge.

that he had no right to do and that the facts and circumstances did not justify him in doing? Those are matters for you to take into consideration in this case.

Now, gentlemen, if you should be satisfied from the evidence in this case that the defendant published this communication that was sent (which is not denied that he did send), with a malicious design, without justification and without right, but merely to injure the plaintiff, then under those circumstances, he would be entitled to recover—not punitive damages, not damages by way of "smart" money, because there has been nothing of that kind proved; but he would be entitled to recover such amount as he has proven he would have made under and by virtue of his contract with Mr. Whithridge. That is to say: he lost a position in which he was getting $50 a month and whatever you may find the evidence shows in addition to that.

If, on the other hand, you believe that the defendant did not intend to injure this plaintiff, but that having written this letter with a good intent, having first given a letter of recommendation, and finding that he was wrong and feeling justified in so doing, countermanded that letter, under those circumstances, of course he did what every man is bound properly to do: In that case, your verdict should be in favor of the defendant.

If your verdict should be for the plaintiff, you should find damages for a certain amount. If you should find otherwise your verdict should be simply for the defendant.

*The jury disagreed.*

*Chandler,* for the plaintiff.
*Bradford* and *Byrne,* for defendant.